**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**


**CUNNINGHAM CHARTER CORPORATION,**
**on behalf of itself and all others similarly**
**situated,**

      **Plaintiff,**

**v.**

**LEARJET, INC.,**

      **Defendants.**                  **Case No. 07-cv-233-DRH**


**<u>MEMORANDUM & ORDER</u>**

**HERNDON, Chief Judge:**


## I.  <u>INTRODUCTION</u>

Before the Court is Plaintiff's Motion for Remand and supporting brief (Docs. 33 & 34).  Defendant has filed its opposing Response (Doc. 47), to which Plaintiff has replied (Doc. 51).  In addition, Plaintiff has filed a Motion to Strike Affidavit (Doc. 50).  Defendant also opposes this Motion (Doc. 52), to which Plaintiff, in reply, has moved to strike Defendant's second affidavit (Doc. 54).

On March 5, 2007, plaintiff Cunningham Charter Corporation filed a class action in the Circuit Court of Union County, Illinois, on behalf of itself and all others similarly situated, against defendant Learjet, Inc., alleging breach of express warranty agreement as well as individual claims (Doc. 3, Ex. A - Complaint).  On

April 3, 2007, Defendant removed this case on the basis of the Class Action Fairness Act ("CAFA"), codified under **28 U.S.C. §§ 1332(d)** and **1453**, pursuant to Public Law 109-2, 119 Stat. 4 (2005) (Doc. 3). Plaintiff argues, in its Motion for Remand, that the court does not have subject matter jurisdiction because all of the basic jurisdictional requirements under CAFA cannot be met.

Specifically, relying upon one of Defendant's responses to Plaintiff's interrogatories, Plaintiff argues that the minimum number of potential class members under CAFA does not exist (Doc. 34, p. 3). In Response, Defendant offers the Affidavit of Eric Richardson to show that there are actually more than 100 potential class members and thus, removal is proper (Doc. 47, Ex. 4 - Richardson Aff.). Plaintiff believes Richardson's affidavit should be stricken, as it is not based on personal knowledge, nor does it attach documents to which it refers, pursuant to the requirements of **FEDERAL RULE OF CIVIL PROCEDURE 56(e)** (Doc. 50). In Response, Defendant argues that the **Rule 56(e)** requirements do not apply to an affidavit supporting a jurisdictional issue, as this rule relates to summary judgment motions (Doc. 52). However, in order to attempt to "save everyone time and effort," Defendant attaches an Amended Affidavit of Eric Richardson, thereby rendering the previous affidavit and Plaintiff's initial Motion to Strike as moot (*see* Doc. 52, Ex. 1 - Richardson Amended Aff.). Replying, Plaintiff again moves to strike the amended affidavit, again arguing that it is not based on Richardson's personal knowledge and the documents referred to therein are not attached (Doc. 54).

For the reasons discussed in this Order, the Court will reserve its ruling on the Motion for Remand, finding that the amended affidavit needs to be substantiated by the actual documents referred to therein. Thus, the Court finds cause to conduct an in-camera inspection of the contracts at issue to determine the actual number of potential class members in order to resolve the issue of whether there is jurisdiction under CAFA.

## II.  BACKGROUND

The events giving rise to this class action began sometime prior to January 1999, when a company called "Transcraft Corporation" began negotiations to purchase a jet aircraft (Doc. 3, Ex. A - Complaint, ¶ 3). It had paid a nonrefundable deposit of One Hundred Thousand Dollars ($100,000.00) to purchase a Citation Encore Ultra jet from Cessna Aircraft Company. Defendant, a competitor of Cessna, then began negotiations with Transcraft to purchase a Learjet, offering it a Proposed Agreement, which included the Learjet warranty (*Id*.). Defendant's warranty was toted as the "best warranty in the business nose to tail," and provided the following coverage:

> Parts and Labor: 60 months/unlimited hours Airframe and Learjet Manufactured Components, Avionics, and Vendor Supplied Items, 60 months/2,000 hours: Garrett TFE-731-20 Engines, and 24 months/unlimited hours: Interior Funishings and Exterior Finishing.

(*Id*., *see also* Ex. 1 [Proposed Agreement] to Complaint).

With Defendant's consent, Transcraft assigned its interest to Plaintiff. Plaintiff then accepted the terms of the Proposed Agreement and proceeded to enter

into an Airplane Purchase Agreement with Defendant, dated January 31, 1999, for the purchase of a Learjet Model 45 (*Id.*, *see also* Ex. 2 [Airline Purchase Agreement] to Complaint).

Plaintiff received the Learjet Model 45 on April 24, 2000 (*Id.* at ¶ 6). It alleges that less than a year later, in February 2001, it began incurring and paying for repairs and replacement items for the Learjet; it continues to incur charges (*Id.* at ¶ 7). Plaintiff contends that these items should have been covered under the contracted warranty Defendant provided with the sale of the Learjet, yet it has not been reimbursed by Defendant for these repair costs (*Id.* at ¶¶ 7 & 9).[1] Plaintiff believes its costs should be covered under Defendant's warranty, but despite its demands for reimbursement, Defendant has refused to honor the terms of its warranty (*Id.* at ¶¶ 10 & 11). Plaintiff seeks individual damages for repairs and denied warranty claims in the amount of Two Hundred Eighty-Two Thousand, One Hundred Seven Dollars and Thirty-three Cents ($282,107.33) and One Hundred Thousand Dollars ($100,000.00) for its lost down payment on the Cessna, plus interest (*Id.* at ¶ 12).

Plaintiff filed its suit as a class action, pursuant to **735 ILL. COMP. STAT. 5/2-801** (*Id.* at ¶ 13). In its allegations, Plaintiff defines its class as "those who purchased Lear jets from [Defendant] pursuant to Agreements in the form of Exhibits

---

[1] Plaintiff alleges it confirmed the terms of the Learjet warranty via a document, dated February 19, 2002 from Spencer Bain, a Sales Support Administrator for Bombardier Aerospace (*Id.* at ¶ 8; *see also* Ex. 3 to Comp.).

1 and 2," thereby referring to the Proposed Agreement and Airline Purchase Agreement attached to its Complaint (*Id*. at ¶ 14).

### III. <u>DISCUSSION</u>

**A.     Legal Standard**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." **28 U.S.C. § 1441(a)**.  Under CAFA, federal courts have jurisdiction in diversity over class actions and putative class actions involving one hundred or more class members in which any member of the plaintiff class is a citizen of a state different from that of any defendant, and in which, after aggregating all claims of class members, an amount in excess of $5 million, exclusive of interest and costs, is in controversy.  **See 28 U.S.C. § 1332(d)(1)(B), (d)(2)(A), (d)(5)(B), (d)(6), (d)(8); Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 676-77 (7th Cir. 2006); Knudsen v. Liberty Mut. Ins. Co., 435 F.3d 755, 758 (7th Cir. 2006)**.

Class actions filed in state court in which the statutory prerequisites for federal subject matter jurisdiction under CAFA are met may be removed to federal court.  **See 28 U.S.C. § 1453(b); Santamarina v. Sears, Roebuck & Co., 466 F.3d 570, 571 (7th Cir. 2006); Bemis v. Allied Prop. & Cas. Ins. Co., No. 05-CV-751-DRH, 2006 WL 1064067, at \*2 (S.D. Ill. Apr. 20, 2006)**.  A removing

defendant has the burden of establishing that the prerequisites for the exercise of federal jurisdiction on removal under CAFA are satisfied and doubts as to the propriety of such removal must be resolved in favor of remand to state court. ***See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005); *Orbitz, LLC v. Worldspan, L.P.*, 425 F. Supp. 2d 929, 931 (N.D. Ill. 2006); *Fiore v. First Am. Title Ins. Co.*, No. 05-cv-474-DRH, 2005 WL 3434074, at \*2 (S.D. Ill. Dec. 13, 2005)**.

**B.    Analysis**

The central issue herein is whether the number of potential class members are at least 100, in order for the Court to have subject matter jurisdiction under CAFA. If this question is answered in the negative or cannot be answered, this case must be remanded. Although Defendant argues otherwise, the Seventh Circuit is clear in that the burden of proving jurisdiction is on the removing party. ***See Brill*, 427 F.3d at 448**.

As part of its pretrial discovery, Defendant served Plaintiff the following interrogatory, essentially asking for clarification as to how Plaintiff defined its "class":

> 7.  Please define the class you propose for this case as precisely as you can. (Your answer to this interrogatory will necessarily identify "all others" which you allege are "similarly situated" regarding warranty claims on Learjet aircraft.)

(Doc. 47, Ex. 3, Interrogatory No. 7, pp. 2-3)

As part of its Supplemental Answers to Defendant's First Interrogatories, Plaintiff

responded as follows:

> Answer: All buyers of Learjet 45's with warranties similar to those warranted to [Plaintiff], which warrant vendor supplied items/components, standard avionics, Learjet airframe manufactured parts and components, engines for sixty (60) months after delivery.

(*Id.*)

Plaintiff also served its own interrogatories on Defendant, one of which asked:

> Interrogatory No. 4: State the number of Learjet 45 proposals similar to Exhibit 1 to Plaintiff's Complaint, prepared for customers or potential customers of Learjet Inc. from the year 1995 to the present.

(Doc. 35, p. 4 & Ex. 2)

In response, Defendant provided the following objections and answer:

> Answer: Defendant objects to this interrogatory on the grounds that the term "similar" is vague and subject to multiple interpretations. Defendant further objects to this interrogatory because the interrogatory requests information which is irrelevant, not reasonably calculated to lead to admissible evidence. Subject to these objections, Defendant answers as follows:
>
> With regard to the warranty language, which is the basis of this suit, Learjet has identified seventy (70) Airplane Purchase Agreements for Learjet 45 aircraft that have the same Exhibit A (sometimes referred to as Schedule A), Specification & Description, as the Airplane Purchase Agreement between CUNNINGHAM CHARTER CORPORATION and LEARJET INC. Exhibit A contains the pertinent warranty language.

(*Id.*)

According to Defendant's Response to Plaintiff's Interrogatory No. 4, Plaintiff argues there are only, at most, 70 potential class members and thus, the jurisdictional requirements under CAFA cannot be met. In response to Plaintiff's request for remand, Defendant asserts that its interrogatory answer does not state what Plaintiff suggests nor does it support Plaintiff's argument for remand. Defendant continues, claiming that at a minimum there are 126 potential class members fitting the class as defined by Plaintiff, which meets the CAFA jurisdictional requirements and supports removal.

To substantiate its claim, Defendant offers the Affidavit of Eric Richardson[2] to demonstrate how it arrived at this number of potential class members. Richardson states that he is currently the Director of Warranty for Learjet, responsible for managing and overseeing the administration of the aircraft warranty program, including determining which warranty applies to each aircraft and properly adjudicating warranty claims (Doc. 52, Ex. 1, ¶ 3). Richardson also states that he oversees the maintenance of historical data and information regarding the aircraft warranty for Learjet, including sales and original owner information, as well as subsequent owner identity information (*Id.*). Further, as Director of Warranty, Richardson states that he has personal knowledge of the various forms for the Specification and Delivery documents, incorporated into the Airplane Purchase Agreements (*Id.*). Moreover, he states he has access to and has reviewed the

---

[2] The Court will only refer to the Amended Affidavit, attached as Exhibit 1 to Defendant's Response to Plaintiff's Motion to Strike Affidavit (Doc. 52).

information from the contract files for Learjet 45 aircraft sold to determine the number of potential class members in this suit (*Id.*).

Richardson states that through his review of the Learjet 45 aircraft sales contracts, the warranty language from the following Specification and Description documents are similar to Plaintiff's 1998 Specification and Description document: May 1995, November 1996 and September 1997 (*Id.* at ¶ 12). These three Specification and Description documents, along with Plaintiff's 1998 Specification and Description document, offer a five year warranty on the airframe and standard avionics (*Id.* at ¶ 13). In particular, Richardson states that Defendant sold 65 Learjet 45 aircraft pursuant to the Airplane Purchase Agreement which incorporated the September 1998 Specification and Description document and sold 61 Learjet 45 aircraft pursuant to the Airplane Purchase Agreement which incorporated either the May 1995, November 1996, or September 1997 versions of the Specification and Description document, totaling a minimum of 126 class members (*Id.* at ¶ 10).[3]

Plaintiff seeks to strike the Amended Affidavit of Eric Richardson,

---

[3] Although Richardson indicates there are likely even more potential class members, the Court will not address this assertion, as if Defendant shows there are at least 100 potential class members, it will confer CAFA jurisdiction; the exact size of the class is an issue to be later determined for class certification, if necessary. Additionally, during Defendant's Rule 30(b)(6) deposition, one of its corporate representatives indicated it believed there to be 115 customers with Purchase Agreements including the same warranty as Plaintiff's (Doc. 51, p. 3 & Ex. 4; Doc. 54, ¶ 5). During this deposition, Defendant's representative stated that he had no personal knowledge that there were actually 115 customers qualifying as potential class members; he was only repeating what people back at the office had told him (*Id.*). Further, Defendant's counsel stated on the record during the corporate deposition that Defendant intended to supplement its interrogatory response to state that there are 115 potential class members (rather than 70), but no supplemental response has been made available for the court's consideration and counsel's own "response" will not suffice, as his statement was not made under oath (*Id.*; *see also* **FED. R. CIV. P. 33(b)**). Therefore, Defendant's Rule 30(b)(6) deposition testimony regarding the number of potential class members will not be considered as part of the Court's jurisdictional analysis.

arguing that the substance of the affidavit does not stem from Richardson's personal knowledge as Defendant's Director of Warranty, but instead, is based on the information he has reviewed in the contract files (Doc. 54, p. 4).[4] Further, Plaintiff argues this information consists of nothing but hearsay and legal conclusions based on Richardson's belief from his review of the corporate records, which have neither been attached to the affidavit nor admitted into evidence (*Id*.). Plaintiff draws support for its argument based on the requirements of **FEDERAL RULE OF CIVIL PROCEDURE 56(e)**, which states in pertinent part:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. **If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit**. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

**FED. R. CIV. P. 56(e)(1) (emphasis added)**.

Plaintiff believes that because Richardson specifically refers to the 126 Purchase Agreements, these contracts should have been attached to his amended affidavit or, at the very least, been made available for Plaintiff's attorney to inspect. However, Plaintiff further states that Defendant rescinded its offer to allow Plaintiff's counsel to inspect these contracts and it did not otherwise produced the contracts during discovery. Defendant argues that the Rule 56(e) affidavit requirements only

---

[4] As stated previously in this Order, Plaintiff filed an initial Motion to Strike Affidavit (Doc. 50), but the Amended Richardson Affidavit effectively renders this Motion as moot and so, the Court only considers Plaintiff's Reply and Motion to Strike Second Affidavit (Doc. 54).

pertain to summary judgment proceedings, not remand proceedings. In contrast, Plaintiff argues that Rule 56 rationale of requiring the attached documents should apply to the instant matter.

Although the Court cannot find any precedential authority providing a definitive answer, it agrees with Plaintiff. The initial inquiry of establishing subject matter jurisdiction should be of no less import than deciding a dispositive motion. Moreover, given that it is a removing party's burden to prove jurisdiction, Defendant needs to establish that it meets the jurisdictional requirements under CAFA to warrant the removal of this case, keeping in mind that doubts as to jurisdiction should be resolved in favor of remand. Ultimately, to resolve this issue of jurisdiction the Court requires further proof regarding the number of potential class members than merely what Richardson states in his amended affidavit. In other words, the Court finds that either Defendant has in its possession at least 100 sales contracts containing warranty language similar to Plaintiff's contract or it does not. The best way of proving this is to produce the actual contracts.[5] As such, the Court reserves its ruling on both Plaintiff's Motion for Remand and Plaintiff's Motion to Strike Second Affidavit (Docs. 33 & 54). In the interim, it will require Defendant to submit for an in-camera inspection all of the sales contracts it believes meet Plaintiff's class definition in order to show that there are at least 100 potential class members. The Court will thereby determine from a review of said sales contracts

---

[5]  The Court observes that although the parties initially moved for a protective order (Doc. 24), the joint motion was denied with leave to amend (Doc. 53); an amended motion has not yet been filed.

whether they substantiate the Richardson amended affidavit.  If not, the affidavit will be stricken.  Consequently, the only proof of the number of class members remaining will be Defendant's Response to Plaintiff's Interrogatory No. 4, which will thereby warrant a remand of this case.

### IV.  CONCLUSION

For the reasons as discussed herein, the Court hereby **FINDS AS MOOT** Plaintiff's Motion to Strike Affidavit (Doc. 50), but **RESERVES RULING** on Plaintiff's Motion for Remand (Doc. 33) and Plaintiff's Motion to Strike Second Affidavit (Doc. 54).  Accordingly, Defendant is hereby **ORDERED** to submit true and correct copies of all documents (sales contracts and warranty language) referred to in the Amended Affidavit of Eric Richardson for an in-camera review by the Court, in order to show that the jurisdictional requirements under CAFA have been met.  Along with its submittal, Defendant shall include a memorandum, outlining how each contract or series of contracts fits within Plaintiff's class definition (as stated in Plaintiff's Supplemental Response to Defendant's Interrogatory No. 7).[6]  Should Defendant submit only mere exemplars, as it previously produced for Plaintiff, it will result in a remand.  The Court reminds Defendant that an in-camera inspection will maintain the confidentiality of the documents and thus, there is no need for Defendant to redact information from these submitted documents.  The Court should receive

---

[6]  For example, the memorandum shall list which version of the Specification and Description document each contract incorporates.  It shall also explain how each version of the Specification and Description document is "similar" to the warranty language in Plaintiff's Airplane Purchase Agreement, so that each contract fits within Plaintiff's class definition.

Defendant's submittal no later than **Friday, August 29, 2008**.[7] Defendant's failure to timely comply with this Order will result in a remand.

      **IT IS SO ORDERED**.

      Signed this 13th day of August, 2008.


/s/      *David R Herndon*

**Chief Judge**
**United States District Court**

---

[7] Defendant can send these documents via hand-delivery, courier, United States Postal Service or other delivery service. These documents shall not be e-filed, nor shall they be sent via e-mail or facsimile. They shall be sent to the attention of Chief Judge Herndon's Chambers, United States District Court for the Southern District of Illinois, 750 Missouri Ave., East St. Louis, Illinois 62201.