# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CUNNINGHAM CHARTER CORPORATION,
on behalf of itself and all others similarly
situated,**

    **Plaintiff,**

**v.**

**LEARJET, INC.,**

    **Defendants.**                           **Case No. 07-cv-233-DRH**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

On August 18, 2008 (Doc. 58), the Court issued an Order reserving ruling on Plaintiff's Motion for Remand (Doc. 33) and Motion to Strike Second Affidavit (Doc. 54). It further ordered Defendant to "submit true and correct copies of all documents (sales contracts and warranty language) referred to in the Amended Affidavit of Eric Richardson for an in-camera review by the Court, in order to show that the jurisdictional requirements under CAFA have been met" (Doc. 58, p. 12). Defendant has made this timely submittal. Defendant's submittal contains documents referred to and relied upon by Richardson's Amended Affidavit (Doc. 52, Ex. 1). The Court finds the Amended Affidavit demonstrates Richardson's personal knowledge of the content it discusses therein, as he is currently the manager and

director of the warranty department for Defendant, responsible for the maintenance of Defendant's warranty records (*see Id.*, ¶ 1). Additionally, Defendant's submitted documents substantiate Richardson's averments in his Affidavit. Therefore, Plaintiff's Motion to Strike Second Affidavit (Doc. 54) is **DENIED**.

Further, having now conducted its in camera inspection of the Airplane Purchase Agreements which Defendant believes fits Plaintiff's class definition, the Court finds Defendant has made an adequate showing that at least 100 potential class members exist and thus, removal was proper under the Class Action Fairness Act ("CAFA"). Accordingly, Plaintiff's Motion to Remand (Doc. 33) is **DENIED**.

**IT IS SO ORDERED**.

Signed this 9th day of September, 2008.

/s/        David R Herndon

**Chief Judge**
**United States District Court**