IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CUNNINGHAM CHARTER CORPORATION,**
on behalf of itself and all others similarly
situated,

    **Plaintiff,**

v.

**LEARJET, INC.,**

    **Defendant.**                                  **Case No. 07-cv-233-DRH**

## ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

This cause is before the Court on Plaintiff's Renewed Motion to Remand. (Doc. 77). Defendant timely filed a Response opposing remand. (Doc. 78). Plaintiff timely filed a Reply. (Doc. 83). On April 27, 2009, the Court denied class certification. (Doc. 76). In the Renewed Motion to Remand, Plaintiff argues that the denial of class certification undermines the Court's subject matter jurisdiction over this matter. This is not the first time this issue has arisen in the Southern District of Illinois. ***See Ronat, et al. v. Martha Stewart Living Omnimedia, et al., 05-cv-520-GPM (S.D. IL. November 12, 2008).*** Defendant removed this case pursuant to 28 U.S.C. § 1332(d)(2), 28 U.S.C. § 1332(d)(5) and 28 U.S.C. § 1453(a), all part of the Class Action Fairness Act of 2005 ("CAFA"). Neither the Parties nor the Court has identified any other basis for federal subject matter jurisdiction over this case.

## II. LEGAL STANDARDS

CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." **28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1453(a)**.  Further, CAFA states that it "shall apply to any class action before or after entry of a class certification order by the court with respect to that action." **28 U.S.C. § 1332(d)(8)**.  The statute defines the term "class certification order" as "an order issued by a court approving the treatment of some or all aspects of a civil action as a class action."  **28 U.S.C. § 1332(d)(1)(C) (emphasis added)**.  The jurisdictional component of CAFA states, in relevant part, that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action . . ." **28 U.S.C. § 13312(d)(2)**.

Plaintiff, citing a number of district court cases both within the Seventh Circuit and outside thereof, maintains that the Court's denial of class certification divests the Court of subject matter jurisdiction.  The principal argument in those cases is that a denial of class certification is a finding of law stating that this case is not a class action, and more importantly, never was a class action.  Thus, so the argument goes, because the case was never a class action, it was not so at the time of removal and diversity jurisdiction is defeated.  ***See e.g.,  Ronat, et al. v. Martha Stewart Living Omnimedia, et al.*, 05-cv-520-GPM (S.D. IL. November 12, 2008)**; ***Jones v. Jeld-Wen, Inc.,* No. 07-22328-CIV, 2008 WL 4541016 (S.D.Fla. Oct. 2, 2008)**;

*Clausnitzer v. Federal Express Corp.,* No. 06-21457-CIV, 2008 WL 4194837 (S.D. Fla. June 18, 2008); *Arabian v. Sony Elecs., Inc.,* No. 05cv1741 WQH (NLS), 2007 WL 2701340 (S.D.Cal. Sept. 13, 2007); *Giovanniello v. New York Law Publ'g Co.,* No. 07 Civ.1990(HB), 2007 WL 2244321 (S.D.N.Y. Aug.6, 2007); *Falcon v. Philips Elecs. N. Am. Corp.,* 489 F.Supp.2d 367 (S.D.N.Y.2007); *Gonzalez v. Pepsico, Inc.,* No. 06-2163-KHV, 2007 WL 1100204 (D.Kan. Apr.11, 2007); *McGaughey v. Treistman,* No. 05 Civ. 7069(HB), 2007 WL 24935 (S.D.N.Y.Jan.4, 2007).[1]

Defendant, on the other hand, argues that the denial of class certification is not an obstacle to this Court's subject matter jurisdiction. There is an equally lengthy list of district court opinions supporting that position. *See, e.g., Colomar v. Mercy Hosp., Inc.,* No. 05-22409-CIV, 2007 WL 2083562 (S.D.Fla. July 20, 2007); *Garcia v. Boyar & Miller, P.C.,* Nos. 3:06-CV-1936-D, 3:06-CV-1937-D, 3:06-CV-1938-D, 3:06-CV-1939-D, 3:06-CV-2177-D, 3:06-CV-2206-D, 3:06-CV-2236-D, 3:06-CV-2241-D, 2007 WL 1556961 (N.D.Tex. May 30, 2007); *Genenbacher v. CenturyTel Fiber Co. II, LLC,* 500 F.Supp.2d 1014 (C.D.Ill.2007). The principal argument under those cases begins by pointing out that CAFA jurisdiction is fundamentally a variety of diversity jurisdiction. From that starting point, the courts equate a denial of class certification to a change in jurisdictional facts, such as the diversity of citizenship of parties, after a case is removed. Such a change

---

[1] At the time of this order, this Court was unable to locate any federal appellate court that has decided the issue.

does not undermine a district court's subject matter jurisdiction. ***See Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 816 (7th Cir.2006)**.

### III. ANALYSIS

The Court finds more persuasive the line of cases finding that a denial of class certification divests federal district courts of subject matter jurisdiction. The federal courts are of limited jurisdiction and possess only that power authorized by the Constitution or Congress. ***Bowles v. Russell*, 551 U.S. 205, 212, 127 S. Ct. 2360 (2007);** ***Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994)**. It is not the job of federal judges "to speculate upon Congressional motives" when examining a statute. ***Riegel v. Medtronic, Inc.*, 128 S. Ct. 999, 1008-1009, 169 L.Ed.2d 892 (2008)**. Starting with that premise, the Court finds that any doubt as to subject matter jurisdiction should be resolved in favor of remand. In this case, there are more than mere doubts regarding the Court's jurisdiction.

In the case at bar, the Court found that the case cannot proceed as a class action under **Federal Rule of Civil Procedure 23(a)** because (a) the proposed class was not sufficiently precise to enable the Court to ascertain the identity of the class members; (b) it was unclear whether Plaintiff was a member of the proposed class; and (c) the proposed class failed to meet the Rule 23(a) prerequisites of numerosity, commonality, typicality, and adequacy. In short, the case failed to meet <u>any</u> of the prerequisites necessary to define it as a class action. The findings in the Court's denial of class certification also reflect that there is no reasonable chance that the defects in the class

could ever be cured.

By its title and terms, CAFA only applies to "class actions." While that concept is easy enough to grasp, the statute defines a "class action" in terms of the allegations of the Complaint and not based upon actual certification of the case as a class action. **28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1453(a)**. Further, the "before and after" language at **28 U.S.C. § 1332(d)(8)** demonstrates that Congress recognized that at the time of removal or filing, the case will not be certified as a class action. The jurisdictional part of the statutory scheme adds only the requirements of minimal diversity and a $5,000,000 amount in controversy. Thus, it could not have been Congress' intent that certification is necessary for the case to be removed to or filed in federal court pursuant to CAFA. Certainly, the practice in federal district courts does not reflect such a statutory scheme. All that is required are class allegations sufficient to establish a putative class action. Thus, certification is not a jurisdictional fact that needs to be established from the outset in order for the Court to exercise subject matter jurisdiction. Further, certification is not a jurisdictional fact that can change without the court losing jurisdiction. Instead, class certification or the denial thereof is a finding of law similar to that in a summary judgment order.

Even if certification was a "jurisdictional fact," an order denying certification of a class is essentially a finding that the civil action is not and never was a class action. Thus, the Court finds that equating this situation to a post-removal change in jurisdictional facts is a false analogy. This situation is more akin to a finding, after removal, that subject matter jurisdiction <u>never</u> existed because the jurisdictional facts

were not as initially believed. A post-removal change in jurisdictional facts does not defeat diversity jurisdiction. **Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 816 (7th Cir.2006)**. However, a discovery that diversity jurisdiction never existed, including at the time of removal, obviously does. *See* **FED. R. CIV. P. 12(h)(3)**.

While certification is not necessary to remove or file a case pursuant to CAFA, it is apparent that Congress intended certification to be a necessary step. Equally obvious is that CAFA ceases to apply if the case is not certified as a class action. One need only look at the definition of "class certification order" at **§ 1332(d)(1)(C)** and the applicability clause at **§ 1332(d)(8)**. Reading those two sections in combination with the definition of a "class action," *supra*, makes it clear that if the district court does not enter a certification order <u>approving</u> of the case as a class action, then CAFA ceases to apply to the case once the certification order is entered. Because CAFA provides the statutory basis of the Court's subject matter jurisdiction, it follows that if it ceases to apply, then the Court loses that jurisdiction in the absence of an independent basis. The Court then must dismiss the case or remand it to state court regardless of the procedural stage. **FED. R. CIV. P. 12(h)(3)**. That is precisely the result reached in this case.

## IV. CONCLUSION

In sum, the Court's Order denying class certification divests it of subject matter jurisdiction over this matter. Accordingly, the Court **GRANTS** Plaintiff's Renewed Motion to Remand. (Doc. 77) and **REMANDS** this case to the **First Judicial Circuit,**

**Union County, Illinois**.  The Court, in its discretion, declines to award Plaintiff's costs and expenses, including attorney fees, pursuant to Section 1447(c).  Any other pending motions are **DENIED** as **MOOT**.

      **IT IS SO ORDERED.**

Signed this 29th day of September, 2009.

                      /s/       David R. Herndon

                      **Chief Judge**
                      **United States District Court**