# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CUNNINGHAM CHARTER CORPORATION,**  )<br>)<br>)<br>**Plaintiff,**  )<br>)<br>**v.**  )<br>)<br>**LEARJET INC.**  )<br>)<br>**Defendant.**  ) | **Case No.: 3:07 cv-00233 DRH-DGW** |

## ORDER

Before the Court is Plaintiff Cunningham Charter Corporation's Motion to Compel Discovery (Doc. 122). That motion is **GRANTED**.

At the root of the dispute in this case are failed windshields on an aircraft Plaintiff purchased from Defendant. Plaintiff argues that what happened with other owners of similar aircraft is relevant and discoverable. Defendant argues that Plaintiff has no viable fraud claims and no claim for product liability and therefore its discovery requests are futile and it is not required to produce the requested discovery. The Court disagrees.

The purpose of discovery is for preparation for trial. A party, by use of the discovery rules, may obtain direct evidence for use in trial, or may obtain pertinent information that will lead to evidence for use in trial. The scope of discovery is broad, and so long as the information sought by interrogatories or deposition can reasonably be said to lead to the discovery of admissible evidence it must be given. *See* Fed. R. Civ. P. 26(b).

Defendant argues futility of Plaintiff's legal theories. The Court has not yet decided the merits of the legal theories, and Plaintiff has been allowed to amend its complaint to add additional legal theories. The facts of the case have changed. Plaintiff alleges that windshields unreasonably

failed on an aircraft purchased from Defendant.  Plaintiff seeks discovery on comparable failures of windshields of which defendant has knowledge.  The Court believes it is entitled to this discovery at this stage of the litigation.  Neither does the Court believe that Plaintiff has been dilatory in seeking this discovery.  As stated above, Plaintiff has sought this discovery from Defendant prior to the close of discovery deadlines and the Court finds that the discovery previously ordered produced by defendant has led Plaintiff to the additional legal theories.  Whether those legal theories are ultimately successful is still pending before this Court.  It would be unfair to limit Plaintiff's discovery at this point.

Therefore, Plaintiff Cunningham Charter Corporation's Motion to Compel Discovery (Doc. 122) is **GRANTED**.  Defendant is **ORDERED** to produce the discovery sought in Plaintiff's Second Set of Requests for Production of Documents by **December 20, 2010.**  Defendant is further **ORDERED** to produce a corporate representative to testify on the topics set forth in Plaintiff's Rule 30(b)(6) notice by **January 12, 2011.**

**IT IS SO ORDERED.**

**DATED: November 30, 2010**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**