## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CUNNINGHAM CHARTER**
**CORPORATION,**

     **Plaintiff,**

**v.**                                     **No. 07-cv-233-DRH-DGW**

**LEARJET, INC.,**

     **Defendant.**

### <u>MEMORANDUM & ORDER</u>

**HERNDON, Chief Judge:**

### I.    <u>INTRODUCTION</u>

Pending before the Court are the parties' motions in limine (Docs. 144, 145). Defendant did not file an independent response to plaintiff's motion. However, defendant's motion selectively references specific arguments of plaintiff's motion (Doc. 145).  Thus, the Court does not presume defendant confesses the correctness of plaintiff's arguments, and will instead rule on the merits of plaintiff's motion (Doc. 144). Plaintiff responded to defendant's motion (Doc. 155).  Accordingly, the parties' motions in limine are ripe for resolution.  Based on the following, the Court **GRANTS IN PART** and **DENIES IN PART** both motions.

## II.   <u>PLAINTIFF'S MOTION IN LIMINE</u>

### a. Plaintiff's Requests for Exclusion of Specific Evidence

The Court first addresses plaintiff's motion in limine (Doc. 144). Plaintiff seeks preclusion of specific evidence pursuant to FEDERAL RULES OF EVIDENCE 401, 402, and 403.  Rule 401 holds evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence."  FED. R. EVID. 401.  Further, relevant evidence is admissible unless a binding rule holds otherwise, while irrelevant evidence is inadmissible. *See* FED. R. EVID. 402. Lastly, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  FED. R. EVID. 403.

### 1. Denial of Class Certification

Plaintiff seeks preclusion of any reference or evidence relating to its previous class action complaint, as well as the Court's denial of its motion for class certification. Plaintiff argues reference to these matters would prove unfairly prejudicial, irrelevant, and risk confusing the jury.  The Court finds the aforementioned subject immaterial and irrelevant to any ultimate issue.  Thus, the Court **grants** plaintiff's request.

**2. Plaintiff's Stricken Expert**

Plaintiff requests that the Court disallow any reference or evidence regarding plaintiff's engagement of Robert Ditchey and the Court's previous decision to strike him as an expert witness from the instant proceedings. Plaintiff again argues this evidence would prove unfairly prejudicial, irrelevant, and risk confusing the jury.   As the Court similarly agrees evidence of this type is immaterial and irrelevant to any ultimate issue, the Court **grants** plaintiff's request.

**3. Wealth or Net Worth of Bill Cunningham**

Plaintiff seeks preclusion of evidence regarding the wealth or net worth of Bill Cunningham (Cunningham).   Plaintiff contends inclusion of this evidence would improperly prejudice plaintiff and is irrelevant to the issues of the case. As the Court agrees, it **grants** plaintiff's request.   Thus, defendant is precluded from presenting evidence, arguing about, or referring to Cunningham's wealth and/or net worth.

**4. Other Lawsuits Cunningham and/or Plaintiff Have Filed**

Plaintiff argues the Court should exclude any reference or evidence pertaining to other lawsuits plaintiff and/or Cunningham have initiated. Plaintiff states the subject lawsuits are irrelevant to the issues of the instant proceeding. Thus, plaintiff argues evidence pertaining to other lawsuits would not have a tendency to make the existence of any fact of consequence to the instant

proceedings more or less probable. Further, plaintiff argues, even if evidence of plaintiff's other lawsuits was relevant, the Court should exclude it as unfairly prejudicial and misleading to the jury.  As the Court similarly believes evidence of plaintiff's and Cunningham's other lawsuits is immaterial and irrelevant to the instant proceeding, it **grants** plaintiff's request.

### 5. Portions of Cunningham's Deposition

Plaintiff seeks exclusion of references or evidence regarding certain portions of Cunningham's March 26, 2008 deposition as irrelevant (*See* Doc. 144-1).  Specifically, plaintiff requests preclusion of references to the actions of Cunningham's attorneys allegedly directing Cunningham to consult various documents during his deposition (*See* Doc. 144-1, pp. 57:18-57:23, 63:18-63:25, 71:4-71:7, 94:17-95:3).  Further, plaintiff seeks exclusion of Cunningham's deposition statement, "I want to see the color of the skin here" (Doc. 144-1, pp. 48:25-49:1). Additionally, plaintiff seeks exclusion of Cunningham's exchange with defense counsel during his deposition regarding whether Cunningham had quit beating his wife (Doc. 144-1, p. 88:10-88:21).   As the Court finds the aforementioned actions and statements do not provide any probative evidence to defendant and could lead to jury misinterpretation, the Court **grants** plaintiff's requests.

### 6. The Dayton Report

Lastly, plaintiff seeks a ruling of this Court deeming a report of the Dayton Research Institute titled, "Learjet Model 45 Windshield Assessment" (Dayton

Report) admissible in the instant proceedings; plaintiff's only request to which defendant specifically objects (*See* Doc. 144-2).   Plaintiff seeks the Dayton Report's admittance as a business record of defendant pursuant to FEDERAL RULE OF EVIDENCE 803(6).   Plaintiff argues the Dayton Research Institute prepared the Dayton Report for Bombardier Aerospace, Inc., defendant's parent company, and defendant, pursuant to an independent contractor agreement.   The Dayton Report, plaintiff states, summarizes the various "problems" associated with the Learjet 45 windshield system and their possible prospective solutions.

   "A party establishes a foundation for admission of business records when it demonstrates through the testimony of a qualified witness that the records were kept in the course of a regularly conducted business activity, and that it was the regular practice of that business to make such records." *United States v. Reese*, 666 F.3d 1007, 1017 (7th Cir. 2012) (quoting *United States v. Given*, 164 F.3d 389, 394 (7th Cir. 1999)); *see also* FED. R. EVID. 803(6) (stating admissibility also requires that "neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness").   Further, "[a] qualified witness need not be the author of the document but must have personal knowledge of the procedure used to create and maintain the document." *Id.*

   Moreover, a third party document may qualify as another business entity's record under Rule 803(6), provided the entity integrated the third-party document into its records and relied upon it in its day-to-day operations.   However, although the Seventh Circuit has not directly addressed the issue, it is generally accepted

that the proponent of the document must also demonstrate the other requirements of Rule 803(6) are satisfied.  *See BP Amoco Chem. v. Flint Hills*, 697 F. Supp. 2d 1001, 1021 (N.D. Ill. 2010) (compiling cases). Thus, plaintiff must not only demonstrate that defendant kept the Dayton Report in its records, it must also demonstrate the Dayton Research Institute kept the report in the course of its regularly conducted business activity and created such reports on a regular basis.   Further, plaintiff must satisfy these foundational requirements through the testimony of a qualified witness knowledgeable of the process through which Dayton Research Institute created the report; thus demonstrating the report's trustworthiness.

In support of its position that the Dayton Report qualifies as a business record of defendant, plaintiff cites deposition statements of Keith Johnston (Johnston), a corporate representative of defendant, in addition to the Dayton Report itself.   Plaintiff argues Johnston "specifically admitted that [d]efendant engaged the Dayton Research Institute to provide the report in an effort to determine the best solution for the major issues with the windshield in the Model 45" (Doc. 144, pp. 5-6).   Plaintiff refers to the following exchange between plaintiff's counsel and Johnston:

> Question: Do you—are you familiar with the process or what precipitated Learjet engaging the University research of Dayton Research Institute to provide this report?

> Johnston: Yes, an effort described as a red team had been assembled to go identify the best solution for the windshield in the Model 45.

> Question: They determined it would be beneficial to engage—

Johnston: Somebody from the outside.

(Doc. 144-3, p. 223:2-13).    Further, plaintiff cites to Johnston's general agreement with the Dayton Report's findings (Doc. 144-3, p. 224:15), the fact a preparer of the Dayton Report, Daniel Bowman, interviewed Johnston (Doc. 144-3, pp. 222:22-223:1), and Johnston's admittance that the Dayton Report was a "reasonable factual assessment of the situation," as further bolstering the Dayton's Report's status as an admissible business record of defendant (Doc 144-3, p. 238:10-1).   Additionally, plaintiff points to the Dayton Report's relevancy and probative value to the instant proceedings, as it allegedly establishes defendant's awareness of problems related to the windshields at issue.   Therefore, plaintiff argues, the Dayton Report is admissible due to its probative value and is not inadmissible hearsay, as it qualifies as a business record of defendant under Rule 803(6).

As explained previously, defendant did not file a response to plaintiff's motion in limine.   However, defendant's motion in limine requests exclusion of any testimony from or relating to the Dayton Report (Doc. 145, pp. 4-5).   Defendant argues the testimony of Johnston does not sufficiently validate the report as a business record of defendant. Defendant argues plaintiff must present testimony of the business record's "custodian" or any other "qualified witness" who is "familiar with the company's record keeping," (Doc. 145, p. 4) (citing *Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 777 (7th Cir. 2006)), and has

"knowledge of the procedure under which the records were created" (Doc. 145, pp. 4-5) (citing *Collins v. Kibort*, 143 F.3d 331, 337-38 (7th Cir. 1998)).

Defendant contends Johnston's testimony merely demonstrates he "was familiar with the report and that he believed it was a reasonably accurate assessment of the situation." Thus, defendant argues, plaintiff has not presented testimony of a custodian or other qualified witness knowledgeable of defendant's record keeping and the general procedures under which the Dayton Research Institute created the Dayton Report. Accordingly, defendant argues the Dayton Report is not admissible as a business record of defendant.

Plaintiff's response to defendant's motion in limine addresses defendant's arguments against the Dayton Report's admissibility under Rule 803(6) (Doc. 155, pp. 15-18). As defendant produced the Dayton Report in response to written discovery requests, plaintiff stresses that defendant cannot contend it did not maintain the Dayton Report in its records. Further, assuming *arguendo* Johnston's testimony does not establish the requirements of Rule 803(6), plaintiff contends it has on its witness list a custodian of defendant's records with this ability.

At this time, the Court finds plaintiff has not demonstrated the Dayton Report's admissibility under Rule 803(6). As defendant explains, Johnston's deposition testimony does not satisfy the rule's foundational requirements. Johnston's statements merely demonstrate his general agreement with the Dayton Report's findings and his awareness of the reasoning for the report's creation.

Johnston does not comment as to the methods of the report's creation, whether the Dayton Research Institute regularly makes such reports, or whether it kept the report in the course of its regularly conducted business.  Thus, on the basis of the record before it, the Court cannot deem the Dayton Report admissible as a business record under Rule 803(6).

Finally, plaintiff's response to defendant's motion in limine alternatively argues the Dayton Report is admissible under FEDERAL RULE OF EVIDENCE 801(d)(2)(D), as an opposing party's statement "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." FED. R. EVID. 801(d)(2)(D).  Plaintiff contends as the Dayton Research Institute prepared the Dayton Report pursuant to an independent contractor agreement with Bombardier Aerospace, Inc., and defendant, it is a statement made by defendant's agent.  Plaintiff further contends the scope of the agency relationship clearly encompassed the Dayton Report, as the report represents the full extent of that contractual relationship. Thus, plaintiff argues defendant's agent or employee created the Dayton Report on matters within the scope of the relevant relationship while said relationship existed.  Accordingly, plaintiff contends the Dayton Report is alternatively admissible under Rule 801(d)(2)(D).

While the Court does not dispute defendant's and the Dayton Research Institute's contractual relationship encompassed the Dayton Report's creation, plaintiff has not demonstrated the Dayton Research Institute qualifies as an agent or employee of defendant.  Plaintiff repeatedly states the Dayton Research

Institute created the report pursuant to an independent contractor agreement with defendant.  Thus, as plaintiff has not presented any evidence demonstrating the Dayton Research Institute was an agent or employee of defendant as opposed to a non-agent independent contractor, the Court cannot deem the Dayton Report admissible as an admission under Rule 801(d)(2)(D).  Accordingly, as plaintiff has not demonstrated the Dayton Report is admissible as a business record or an agent admission, the Court **denies** plaintiff's request at this time.

### III.   <u>DEFENDANT'S MOTION IN LIMINE</u>

Defendant's motion in limine seeks the exclusion of nineteen broad categories of evidence from the instant proceedings (Doc. 145).   Plaintiff independently responded to defendant's motion and agrees to the exclusion of much of the evidence at issue (Doc. 155).   The Court will address defendant's requests in turn.

#### 1. Settlement Negotiations

Defendant seeks the exclusion of "[a]ny evidence, statement, or argument about settlement negotiations."  The Court **grants** defendant's request, as plaintiff agrees to the exclusion of such evidence.

#### 2. Expert Witness not Identified as Testifying Expert

Defendant requests exclusion of "[a]ny evidence from an expert witness who was not identified as a testifying expert in responses to interrogatories and was not timely designated."   Specifically, defendant cites to Leon Custers, Daniel Bowman, David Reams, Darlene Ross, and William Cunningham.   Defendant

seeks exclusion of their testimony to the extent they might offer expert testimony concerning whether the Learjet 45 windows on plaintiff's aircraft were,

> [D]efective, unsafe, or failed for any particular reason, the value of the aircraft at any particular time, the value of the use of the aircraft by [p]laintiff since delivery, the loss of charter revenue, the value of the loss of use of the aircraft, and/or any safety issues relating to the Learjet 45 windshields.

Plaintiff responds that defendant's request does not adequately specify the disputed evidence, as it seeks the blanket exclusion of eight broad categories of factual and lay opinion testimony critical to plaintiff's case.  Plaintiff argues much of the evidence at issue is admissible under FEDERAL RULE OF EVIDENCE 701, which deems non-expert testimony admissible provided it is helpful to the trier of fact, is non-scientific or technical, and based on the witness' first-hand knowledge or experience.  *See* FED. R. EVID. 701.  As it cannot speculate as to the exact testimony for which defendant seeks exclusion, plaintiff argues the Court should deny plaintiff's request and instead rule on specific objections pertaining to the aforementioned subjects at trial.

Defendant, citing to a broad range of evidence from various witnesses, seeks the exclusion of evidence from an expert witness not identified as a testifying expert.  FEDERAL RULE OF EVIDENCE 26(a)(2) governs the required disclosure of expert testimony.  Thus, in accordance with Rule 26(a)(2) and its reporting requirements, the Court will only require reports of those witnesses for which a report is mandated.  To the extent defendant seeks the exclusion of non-expert, opinion testimony for which a report is not required, defendant's request

is denied.   Thus, defendant's request is **denied in part and granted in part**. Further, the Court admonishes the parties to ensure their awareness of the most recent amendments to Rule 26 and their effect on the witness reporting requirements.

### 3. Expert Testimony Outside the Scope of Expert Report

In a nearly identical vein to defendant's previous request, defendant also seeks exclusion of "[a]ny evidence from an expert witness that is outside the scope of the expert's written opinion produced during pretrial discovery."   Defendant again cites to Leon Custers, Daniel Bowman, David Reams, Darlene Ross, and William Cunningham, arguing, as plaintiff did not designate them as expert witnesses, they cannot offer expert testimony.   Plaintiff again states this request is overly broad, as it does not provide plaintiff enough information to respond adequately.   Plaintiff states that of the aforementioned witnesses, it has only offered the opinion of Daniel Bowman, at the request of defendant.   Thus, plaintiff is unsure as to whether it objects to defendant's request.

Again, the Court stresses its conformance with Rule 26.   The Court **denies in part and grants in part** defendant's request, as it will only require reports of those witnesses from which Rule 26 mandates a report is necessary.   Thus, the Court will make specific rulings as to whether plaintiff's experts attempt to offer testimony outside the scope of their written expert opinions in the context of matters presented at trial.

### 4. Any Expert Opinion not Supported by Admissible Facts

Defendant next seeks exclusion of "[a]ny opinion of an expert that is not supported by admissible facts."  Plaintiff states defendant's request is too broad to warrant a legitimate response.  The Court agrees.  As a general proposition, defendant's statement is correct.  However, defendant's request is overly inclusive.  At this point in the proceedings, defendant has received reports and taken depositions.  Thus, defendant has the information required of productive, specific requests.  As defendant chooses not to utilize its resources, the Court **denies** defendant's request as overly broad.

### 5. Evidence not Contained in Pretrial Order

Defendant requests exclusion of "[a]ny evidence, statement, or argument supporting an issue not contained in the final pretrial order."  Plaintiff states the Court should deny defendant's request, as no Seventh Circuit precedent supports its assertion.  However, the Seventh Circuit has addressed this issue and held that, "[b]ecause  the parties rely on the pre-trial conference to inform them precisely what is in controversy, the final pretrial order is treated as superseding the pleadings and establishes the issues to be considered at trial."  *Erff v. MarkHon Indus., Inc.,* 781 F.2d 613, 617 (7th Cir. 1986); *see also Gorlikowski v. Tolbert,*  52 F.3d 1439, 1444 (7th Cir. 1995) ("Since the whole purpose of Rule 16 is to clarify the real nature of the dispute at issue, a claim or theory not raised

in the pretrial order should not be considered by the fact-finder.").  Accordingly, the Court **grants** defendant's request.

### 6. Secondary Evidence Presented

Defendant seeks exclusion of "[a]ny secondary evidence presented because [p]laintiff did not make a sufficiently diligent search for material requested during discovery."  Specifically, defendant cites "evidence of the submission of warranty claims to [defendant], the adjudication of such claims and/or other handling of warranty claims pertaining to the Aircraft because [p]laintiff's discovery responses did not identify a single warranty claim that was timely submitted to [defendant] for consideration and improperly denied by [defendant]."  Plaintiff responds that defendant's request is neither supported by the law or facts, as it has produced every document in its possession pertaining to warranty claims.  Further, as defendant ultimately decided to reject plaintiff's warranty claims, plaintiff states the subject documents, which plaintiff claims it has specifically requested, are most likely in defendant's possession.  Based on the limited record before it, the Court cannot determine the merits of defendant's request.  Thus, defendant's request is **denied**.  The Court will make specific rulings on this issue within the context of the matters presented at trial.

### 7. Evidence not Timely Produced in Response to Discovery

Defendant requests that the Court exclude "[a]ny evidence that [p]laintiff did not produce in discovery."  Specifically, defendant cites "any witness [plaintiff] did not name timely in its disclosures or answers to interrogatories or any evidence it

did not produce in response to any discovery."  Defendant broadly states this would include any document detailing wrongfully denied warranty coverage, calculations of labor charges not covered under warranty, and similar documents allegedly referenced in plaintiff's first supplemental disclosures under Rule 26(a). As plaintiff states it seasonably supplemented its Rule 26 disclosures with the subject documents, and defendant does not specifically cite the testimony for which it seeks exclusion, plaintiff argues defendant's request is without merit. For reasons identical to those previously cited, the Court shall make specific rulings concerning defendant's requests in the context of the matters presented at trial.  Accordingly, defendant's request is **denied**.

### 8.  Privilege During Discovery

Defendant seeks exclusion of "[a]ny evidence, statement, or argument suggesting [d]efendant, through its attorney, asserted claims of privilege during discovery."  As plaintiff agrees the Court should permit neither party to introduce any evidence relating to claims of privilege made during discovery, defendant's request is **granted**.

### 9.  Attorney/Client Privilege Generally

Similarly to defendant's previous request, it also requests that this Court disallow "[a]ny attempt to elicit testimony from [d]efendant about communications with its attorneys."  Again, as plaintiff agrees that the Court should permit neither party to introduce any evidence relating to communications with their attorneys, defendant's request is **granted**.

**10. Plaintiff's        Financial        Adversity/
Defendant's Financial Prosperity**

Defendant also requests exclusion of "[a]ny evidence, statement, or argument of [p]laintiff's financial adversity or defendant's prosperity."  Plaintiff responds that it does not anticipate reference to defendant's prosperity, except to the extent it is relevant to the assessment of punitive damages.  Thus, plaintiff agrees to refer to or introduce evidence of defendant's wealth only for the limited purpose of determining a possible punitive damages award.

The Court similarly agrees that defendant's wealth is relevant and admissible solely as to the imposition of a punitive damages award.  Thus, the Court grants defendant's request to the extent plaintiff agrees to limit its use of defendant's wealth to the determination of a punitive damages award.  Accordingly, the Court **denies in part** defendant's request, as should the Court determine a punitive damages award is appropriate, plaintiff may introduce evidence of Bombardier, Inc.'s, and defendant's, financials.  *See TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 464 (1993) (holding the "financial position" of a defendant is one factor taken into account when assessing punitive damages).  Further, to the extent defendant seeks exclusion of evidence of plaintiff's or Cunningham's financial worth, the Court has ruled above that such evidence is irrelevant and inadmissible in the instant proceedings.

### 11. Defendant's or Bombardier, Inc.'s, Assets

Further, defendant seeks exclusion of "[a]ny evidence, statement, or argument of the value of [d]efendant's assets or those of its parent corporation, Bombardier, Inc."  Again, plaintiff agrees to limits its introduction of evidence concerning Bombardier, Inc.'s, or defendant's assets to the issue of punitive damages.  Accordingly, the Court **denies** defendant's request, as it will allow evidence of this type provided it is relevant.

### 12. Testimony of Unavailable, Absent Witness

Defendant requests the exclusion of "[a]ny evidence, statement, or argument of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case."  Plaintiff argues that defendant's request is too broad to warrant a response.  At this time, the Court **grants** defendant's request, as the parties should consult with the Court before attempting to comment upon or argue relative to an absent person.

### 13. Request for Attorney Stipulation, Document Production, or Make Agreement in Jury Presence

Defendant seeks exclusion of "[a]ny attempt to ask [d]efendant's attorney to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury."  As plaintiff agrees the Court should allow neither plaintiff's counsel nor defendant's counsel to ask its opposition to produce documents,

stipulate to any fact, or to make any agreement in the presence of the jury, the Court **grants** defendant's request.

### 14. Statement of Law

Defendant seeks exclusion of "[a]ny statement of law, other than one about the burden of proof and the basic legal definitions counsel believes to be applicable, before the Court rules on the law applicable to this case."  Plaintiff responds that defendant's request concerns subject matter inappropriate for a motion in limine.  Plaintiff states it agrees to follow the applicable law and Court Orders in this regard.  However, plaintiff believes certain instances, such as voir dire or closing argument, may necessitate statements of law.  Thus, the Court should deny defendant's request.  The Court agrees.  As plaintiff correctly states, statements of law are permissible in certain instances.  For example, the Court allows counsel to discuss jury instructions in closing argument.  Thus, the Court **denies** defendant's request as overly broad.

### 15. Defendant's Other Lawsuits

Defendant next seeks exclusion of "[a]ny evidence, statement, or argument of other claims or suits against [d]efendant."  Plaintiff agrees to defendant's request, provided the Court does not permit defendant to reference the absence of any other claims or suits and defendant does not attempt to exclude evidence relating to other windshield failures of Learjet 45s.  The Court **grants** defendant's request as the parties agree.  However, the Court notes defendant will open the

door to other lawsuits should it attempt to suggest the absence of other lawsuits or other windshield failures.

### 16. Defendant as "Foreign" or "Alien"

Defendant requests the Court disallow "[a]ny evidence, statement, or argument referring to [d]efendant corporation as 'foreign' or 'alien' or any similar comment that may draw on the prejudices of the jury toward [d]efendant." Plaintiff responds it is unclear of the specific evidence, statement, or argument to which defendant refers.   However, plaintiff believes it may not object to defendant's request provided plaintiff can reference the fact defendant is a Kansas Corporation.   The Court **grants** defendant's request to the extent plaintiff cannot refer to defendant as "foreign," "alien," or some similar derivation.   However, plaintiff can refer to defendant's Kansas headquarters, provided such reference does not imply something sinister about an out-of-state entity.

### 17. Liability Based on Defendant's Corporate Status

Defendant requests exclusion of "[a]ny evidence, statement, or argument attempting to impose liability on or arouse prejudice against [d]efendant simply because it is a corporation."   Plaintiff responds that the Court should deny defendant's request as overly broad.   Plaintiff does not anticipate reference to evidence of defendant's corporation status for the purpose of imposing liability or arousing prejudice.   However, plaintiff states it can admit evidence of defendant's corporation status to demonstrate, for example, defendant's ability to investigate windshield failures and notify customers of defects.   Although admittedly broad,

the Court **grants** defendant's request.  The Court shall discuss corporation status in voir dire.  However, plaintiff is prohibited from arguing that defendant's corporation status automatically qualifies it for a verdict, higher verdict, or contempt in the eyes of the jury.

### 18. The Dayton Report

Defendant seeks exclusion of "[a]ny testimony from or relating to the Dayton Report."  As the Court explains above in plaintiff's sixth motion in limine, the Court **grants** defendant's request at this time.

### 19.  Opinion of Stanley Dapkunas

Finally, defendant seeks exclusion of "[a]ny evidence, statement, or argument relating to the opinions of Stanley Dapkunas relating to the design manufacture, safety or defectiveness of the Learjet 45 windows."  However, as defendant has filed a separate motion to strike Stanley Dapkunas' opinions under Federal Rule of Evidence 702 (Doc. 148), the Court will not address defendant's request in this order.

## IV. <u>CONCLUSION</u>

For the aforementioned reasons, plaintiff's motion in limine is **DENIED in part and GRANTED in part** (Doc. 144). Further, defendant's motion in limine is similarly **DENIED in part and GRANTED in part**, in accordance with the terms of this Order (Doc. 145).

       **IT IS SO ORDERED.**

Signed this 2nd day of May, 2012.

Digitally signed by
David R. Herndon
Date: 2012.05.02
15:45:18 -05'00'

**Chief Judge**
**United States District Judge**