IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CUNNINGHAM CHARTER CORP.,**

**Plaintiff,**

v.

**LEARJET INC.,**

**Defendant.**                                                      **No.07-233-DRH**

**ORDER**

**HERNDON, Chief Judge:**

Before the Court is plaintiff Cunningham Charter Corp.'s motion for reconsideration of the Court's order granting defendant Learjet Inc.'s motion for leave to file an amended answer (Doc. 185). For the reasons that follow, plaintiff's motion for reconsideration (Doc. 185) is denied. The final pretrial conference scheduled for June 29, 2012, is continued until July 13, 2012, at 9:30 a.m.

**I. Background**

In plaintiff's amended complaint, plaintiff alleged the following six counts: 1) breach of contract: warranty obligations; 2) product liability; 3) breach of contract: failure of consideration; 4) fraudulent concealment: terms and interpretation of warranty; 5) breach of contract: implied duty of good faith and fair dealing; and 6) fraud by silence. (Doc. 128). Summary judgment was granted on count two, the product liability claim, but all other claims remain pending. (Doc. 142). On October

11, 2011, the Court held a final pretrial conference and noted that the parties did not agree to any issues of law in the final pretrial order. Accordingly, the Court ordered the parties to brief the issue of what state law -- Illinois or Kansas -- applied. The Court then indicated that once that ruling was made, other issues, like a motion for summary judgment, could be brought. The Court set the matter for trial on June 4, 2012. On March 12, 2012, plaintiff filed a motion to continue the trial (Doc. 173) requesting the Court continue the trial set for June 4, 2012. On March 14, 2012, the Court granted that request, setting the matter for July 30, 2012. On April 11, 2012, the Court then gave notice of the final pretrial conference set for June 29, 2012.

On May 2, 2012, the Court entered several orders, ruling on some evidentiary issues and on the choice of law issue. In the order, the Court ruled that Kansas law would govern plaintiff's fraudulent concealment and fraud by silence claims, counts four and six. (Doc. 178). The Court heard nothing from the parties until June 6, 2012, when defendant filed an allegedly unopposed motion for leave to file an amended answer (Doc. 179) and unopposed motion for leave to file a motion for summary judgment and extend the page limit (Doc. 180).

Believing the motions to be unopposed as represented therein, the Court quickly granted the motions for leave to file but denied the request for an extension of the page limit (Doc. 181). Following the Court's order, plaintiff filed an opposition to the defendant's unopposed motion for leave to file an amended answer (Doc. 182) and defendant has filed a reply (Doc. 183). Basically, plaintiff does not oppose a partial amendment of the answer to rectify an alleged false statement by defendant

in its answer but plaintiff does oppose the addition of the statute of limitations affirmative defense, contending that defendant had ample time to amend its answer to include additional affirmative defenses. In its reply (Doc. 183), defendant contends that the addition of the statute of limitations affirmative defense is no surprise at all to plaintiff and will cause no prejudice. Further, defendant asserts that it only learned of the statute of limitations defense on May 31, 2012, during a phone conversation with Charlie Kitchens, chief pilot, who accepted the aircraft in April 2000, when he indicated that he knew about the windshield issues in August of 2000 and that he told William Cunningham, plaintiff's owner, about them that same month. Defendant contends that this testimony impeaches the sworn testimony of Cunningham denying such knowledge and makes the statute of limitations defense viable. Defendant indicates that it is working to take the deposition of Kitchens as soon as possible.

On June 7, 2012, defendant field its amended answer (Doc. 186) and its motion for summary judgment (Doc. 184). In defendant's motion for summary judgment (Doc. 184), defendant contends that Kansas' two-year statute of limitations applies to plaintiff's fraud claims (counts four and six), that plaintiff's fraud claims are barred by the economic loss doctrine, and that plaintiff's fraud claims fail for other reasons. Defendant also argues that summary judgment should be entered on count three (failure of consideration), count one (breach of warranty), and count five (breach of good faith and fair dealing). In the email sent to the Court attaching the proposed motion, defense counsel "respectfully request that the pre-trial conference

be re-scheduled to sometime during the week of July 9, 2012, but not later than Friday, July 13, 2012."

That same day, plaintiff filed its motion for reconsideration (Doc. 185) of the Court's order granting the motion for leave to file an amended answer; interestingly, plaintiff does not ask the Court to reconsider its ruling granting defendant leave to file a motion for summary judgment. Plaintiff contends that it recently discovered that defendant failed to produce detrimental discovery related to defendant's knowledge regarding three windshields that had shattered, and that as result, plaintiff had been in contact with defendant about filing a motion for Rule 11 and 37 sanctions. Defendant conceded that the discovery should have been produced and allegedly requested plaintiff's permission to amend its answer to correct false statements. Plaintiff contends that it agreed to this, but not to defendant amending its answer to add affirmative defenses. For the reasons that follow, plaintiff's motion to reconsider (Doc. 185) is denied.

## II. Analysis

Generally, "[o]nce the availability of an affirmative defense is reasonably apparent, the defendant must alert the parties and the court to his intent to pursue that defense." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997). "'A defendant should not be permitted to "lie behind a log" and ambush a plaintiff with an unexpected defense.'" *Id.* at 968 (citing *Perez v. United States*, 830 F.2d 54, 57 (5th Cir. 1987)). Failure to timely assert an affirmative defense may result in a finding by the Court that defendant waived the defense. *Venters*,

123 F.3d at 968.  Nevertheless, "'[t]he failure to plead an affirmative defense in the answer works a forfeiture only if the plaintiff is harmed by the defendant's delay in asserting it." *Matthews v. Wis. Energy Corp., Inc.*, 642 F.3d 565, 570 (7th Cir. 2011) (quoting *Carter v. United States*, 333 F.3d 791, 796 (7th Cir. 2003)).  When the parties raise the issues before the Court, however, technical failure to plead is not fatal to the party's ability to raise the defense.  *Blaney v. United States*, 34 F.3d 509, 512 (7th Cir. 1994) (citing *Devalk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 334 (7th Cir. 1996)); see also *Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005) (recognizing that the Seventh Circuit has held that a delay in asserting an affirmative defense waives the defense only if the plaintiff is harmed as a result).

    Here, plaintiff's motion to reconsider is denied.  The motions for leave filed by defendant were both granted promptly because they were allegedly unopposed. Plaintiff now states, however, that the motion for leave to amend defendant's answer was opposed, but does not contest that the motion for leave to file a motion for summary judgment was unopposed.  In support of its position that plaintiff opposed defendant's motion for leave to file an answer, plaintiff supplies the written communication it relies upon.  That communication, however, is not limited to a particular portion of the answer, does not refer to a particular portion of the answer, does not refer to a particular conversation, and does not confirm a particular limited conversation.  Indeed, it is quite clearly open ended and unlimited.  Significantly, plaintiff does not raise an objection to defendant filing a

motion for summary judgment and does not oppose the motion which is based on the same subject matter as that raised in the amended answer. Such an inconsistent position clearly supports defendant's argument that the plaintiff is not surprised or prejudiced by the statute of limitations affirmative defense. See *Matthews*, 642 F.3d at 570 ("'The failure to plead an affirmative defense in the answer works a forfeiture only if the plaintiff is harmed by the defendant's delay in asserting it.'") (quoting *Carter*, 333 F.3d at 796). Thus, plaintiff's motion to reconsider (Doc. 185) is denied.

The parties have also inquired of the Court about continuing the final pretrial conference date scheduled for June 29, 2012, until a date closer to the trial date scheduled for July 30, 2012. Currently, plaintiff's response to defendant's motion for summary judgment is not due until July 12, 2012. Due to the Court's calendar, the latest the Court can reschedule the final pretrial conference is July 13, 2012, at 9:30 a.m. This is only one day after the plaintiff's response to defendant's motion for summary judgment is due. The Court will not expedite the briefing on this motion, but encourages the response as soon as possible. If any other motions in limine are going to be filed, the Court also directs the parties to file those motions as soon as practicable so no further delays in the trial are encountered.

### III. Conclusion

For the reasons stated above, plaintiff's motion for reconsideration is denied (Doc. 185). The final pretrial conference scheduled for June 29, 2012, is

rescheduled for July 13, 2012, at 9:30 a.m.

**IT IS SO ORDERED.**

**Signed this 9th day of June, 2012.**

David R. Herndon
2012.06.09
13:20:32 -05'00'

**Chief Judge
United States District Court**