IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CUNNINGHAM CHARTER CORP.,**

**Plaintiff,**

v.

**LEARJET INC.,**

**Defendant.**                                                                 **No.07-233-DRH**

ORDER

**HERNDON, Chief Judge:**

Before the Court is defendant Learjet Inc.'s opposed motion for leave to take de bene esse deposition of Charles B. Kitchens (Doc. 189). Plaintiff Cunningham Charter Corporation filed a response (Doc. 192), and defendant has filed a reply (Doc. 194). In defendant's motion, defendant contends that recent discovery has indicated the need to take the deposition of Kitchens, the chief pilot for plaintiff, who was only recently discovered and will not be available to attend the trial scheduled for the week of July 30, 2012. Defendant indicates that Kitchen is expected to testify about his knowledge regarding the windshield failure and what he told William Cunningham about it. Plaintiff responds by arguing that defendant's motion "must be denied as simultaneous trial preparation and additional discovery will necessarily prejudice [plaintiff] and [defendant's] failure to timely disclose Mr. Kitchens is not substantially justified." Plaintiff also raises several other arguments in its response,

namely that defendant's disclosure of Kitchens as a trial witness is untimely and in violation of Federal Rule of Civil Procedure 26, that Rule 37's remedy for non-disclosure of witnesses is the exclusion of that testimony, and that defendant's failure to disclose its intention to rely on Kitchens' testimony is not substantially justified or harmless.  Accordingly, plaintiff requests that defendant's motion be denied and that it be reimbursed its costs, including reasonable attorney's fees, incurred in responding to this motion.  Alternatively, if the Court decides to grant defendant's motion, plaintiff requests that the Court continue the trial, extend the time to respond to defendant's motion for summary judgment, and order various other relief related to discovery.

Considering the arguments raised and the need to issue a timely ruling, the Court grants the motion for leave to take the deposition of Kitchens (Doc. 189), but defers ruling on whether the testimony can be used at trial and all the remedies requested by plaintiff.  During the course of examining Kitchens, the parties are directed to establish all of the facts necessary for the Court to make a ruling regarding the procedural and substantive issues argued by the parties.  Defendant is also directed to provide the Court with a copy of the deposition as soon as it receives the transcript.

**IT IS SO ORDERED.**

Digitally signed by
David R. Herndon
Date: 2012.06.19
11:56:49 -05'00'

**Signed this 19th day of June, 2012.**

**Chief Judge**
**United States District Court**