IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CUNNINGHAM CHARTER CORP.,

Plaintiff,

v.

LEARJET INC.,

Defendant.                                             No.07-233-DRH

ORDER

HERNDON, Chief Judge:

Before the Court is plaintiff Cunningham Charter Corporation's motion to strike the declaration of Tyana J. Will (Doc. 204) attached to defendant Learjet Inc.'s motion for summary judgment.  In plaintiff's motion to strike, plaintiff contends that the Court should strike the declaration of Will because defendant's disclosure of Will is untimely.  Plaintiff argues that defendant never identified Will, either in its Federal Rule of Civil Procedure 26(a) discloses or in a less formal manner, and therefore Will's testimony should not be admissible through her declaration or through testimony at trial pursuant to Rule 37.  Plaintiff alleges that defendant's untimely disclosure poses real prejudice to plaintiff in that plaintiff will be forced to conduct new discovery when it should be preparing for trial.  Plaintiff asserts that the only

way to cure the harm resulting from defendant's untimely disclosure would be to continue the trial, but plaintiff would also be harmed by a trial continuance. Accordingly, plaintiff requests that the declaration be stricken and that it reimbursed its costs, including reasonable attorneys' fees incurred in preparing this motion. Alternatively, if the Court decides to let the declaration stand, plaintiff requests for a continuance of the final pretrial conference and trial, further discovery, and extensions to respond to defendant's motion for summary judgment.

Defendant contends that plaintiff has overreacted and that Will's declaration was only used to support previously-produced documentary evidence, none of which come as a surprise to plaintiff. Defendant represents that it does not intend to call Will as a witness during its case-in-chief because Keith Johnston, who was not available to sign a declaration at the time defendant filed its summary judgment motion, is able to testify. Further, defendant posits that Will's testimony is nothing more than an explanation of the documents attached to the declaration which may considered by the Court. Thus, defendant believes the motion should be denied, but if it is granted, defendant alternatively asks the Court to consider the documents attached to the declaration independent of Will's testimony.

A review of Will's declaration clearly shows that it is only used as a vehicle to put the exhibits used to support the motion for summary judgment before the Court. Defendant states that it does not intend to call Will at trial and the Court would not allow her to testify at trial in any event. While plaintiff contends that it is prejudiced by Will's declaration, the Court disagrees. The Court could consider the exhibits in

any event.  Accordingly, plaintiff's motion to strike (Doc. 204) is denied.

**IT IS SO ORDERED.**

**Signed this 10th day of July, 2012.**

Digitally signed by
David R. Herndon
Date: 2012.07.10
14:04:42 -05'00'

**Chief Judge**
**United States District Court**