IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CUNNINGHAM CHARTER CORP.,**

**Plaintiff,**

v.

**LEARJET INC.,**

**Defendant.**                                                          **No.07-233-DRH**

ORDER

**HERNDON, Chief Judge:**

Before the Court is plaintiff Cunningham Charter Corporation's motions in limine (Doc. 187). In plaintiff's motions, plaintiff requests the Court "to enter an order precluding [d]efendant, its attorneys and witnesses from mentioning in the presence of the jury either these [m]otions or any of the matters described" as follows: 1) references regarding the fact that defense counsel is a pilot; 2) references or evidence regarding the opinions of Stanley Dapkunas that were stricken; and 3) references or evidence relating to abandoned and/or dismissed claims. Plaintiff contends that any reference to Sprague as a pilot is unfairly prejudicial as it could influence the jury to believe that Sprague is more knowledgeable and/or truthful regarding issues related to the Learjet 45. With regard to the opinions that of Stanley Dapkunas that were stricken, plaintiff argues that "[r]eference to these stricken opinions or the Court's decision is unfairly prejudicial, irrelevant and risks confusing the jury." As it pertains to the abandoned or dismissed claims, plaintiff contends

that any reference to them is irrelevant and would be unfairly prejudicial to plaintiff, would confuse the issues, and mislead the jury.

Defendant opposes the motion (Doc. 197), contending that the motions in limine are overly broad. Specifically, defendant contends that Sprague may occasionally refer to his own experience as a pilot to establish a frame of reference when questioning a witness and that this is perfectly proper for counsel to do. Further, defendant asserts that this would not confuse the jury but rather it would enhance the jury's understanding of the subject matter. Defendant gives the following example of something defense counsel might say: "My airplane does X when I do Y. What does the Learjet 45 do when the pilot sees Y?" With regard to the other two issues raised in plaintiff's motion in limine, defendant contends that it is not yet known what evidence may be needed at trial and requests that rulings on the admissibility of such evidence be reserved until trial. Defendant argues that these subject matters are premature as some testimony may arise which may make Dapkunas' opinions reliable and we do not yet know what claims are to be stricken in addition to those already stricken, even though it agrees that the previously stricken claims are not relevant.

Federal Rule of Evidence 401 holds evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. Further, relevant evidence is admissible unless a binding rule holds otherwise, while irrelevant evidence is inadmissible. *See* FED. R. EVID. 402. Lastly, "[t]he court may exclude relevant evidence if its probative value is substantially

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Here, with regard to plaintiff's motion in limine concerning references to the fact that defense counsel is a pilot, the motion is granted in part and denied in part. Defendant is correct that the request is over broad, but there is nothing wrong with the jury knowing that defense counsel is a pilot. There is everything wrong, however, with defense counsel testifying like in the example provided above. While the Court will allow casual non-testimonial references to knowledge of flying a plane when it is apropos to asking a question, the Court will not allow defense counsel to testify, supply his own evidence, provide expert testimony, or do anything that causes the jury to believe that he is in a better position to know the facts than the witnesses themselves because of his position as a lawyer and pilot.

As to plaintiff's motions regarding any references or evidence regarding the opinions of Stanley Dapkunas that were stricken and reference or evidence relating to abandoned and/or dismissed claims, the motions are granted, as both requests are well taken. Any rulings by the Court are not subject to discussion before the jury unless the Court determines it appropriate to do so as sanction for violating a Court rule. As for the matters which are the subject of this motion, none are matters appropriate for the jury's consideration and mentioning the issues would likely bring undue prejudice to plaintiff and serve to confuse the jury. At the very least, it would cause the jury to speculate about the subject

matters involved, which are irrelevant to the issues before the jury. Thus, these motions are denied.

In sum, plaintiff's motions in limine (Doc. 187) are in granted in part and denied in part as they relate to referring to defense counsel as a pilot, and denied as to the latter two issues.

**IT IS SO ORDERED.**

**Signed this 10th day of July, 2012.**

Digitally signed by
David R. Herndon
Date: 2012.07.10
15:45:07 -05'00'

**Chief Judge
United States District Court**