IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CUNNINGHAM CHARTER CORP.,**

**Plaintiff,**

**v.**

**LEARJET INC.,**

**Defendant.**                                                          **No.07-233-DRH**

**ORDER**

**HERNDON, Chief Judge:**

This matter is currently set for trial on July 30, 2012.  This litigation is more like hand to hand combat than litigation between reasonable parties as is contemplated by the Civil Practice Act and even our fore fathers who crafted the third branch of government.  If one were to peruse the docket activity report in this case one would understand both the reason for that conclusion and the source of this Court's frustration.  As a former practicing lawyer, this judge is in favor of full employment of lawyers, but clearly this litigation is more like a divorce case where spouses decide to dissipate all of the marital assets by giving it all to the lawyers. This Court would ordinarily not be one to judge such folly except that we now have a judicial ruling that defendant has completely ignored a judge's orders in this travesty of justice.  See Report and Recommendation (R&R), Doc. 217.

This judge must now undertake a review of that R&R.  As the Court takes the R&R under advisement, as well as the objection filed by defendant as to the sanctions but not the finding of a willful violation of the Court's order (Doc. 219), and awaits

potential objections from plaintiff, one thing is clear, the Court must reign in this litigation and will do so by exercising its inherent powers to enter this order directing the parties to undertake mandatory mediation.

Neither side in this case has clean hands. The docket activity sheet makes that clear. If that is not enough, the principal for the plaintiff, William Cunningham, President, has terminated settlement negotiations. However, he never truly engaged in earnest settlement negotiations. As Magistrate Judge Wilkerson attempted to make sure each party, individually, was in the right frame of mind for settlement negotiations, Cunningham boastfully announced he had injected his blood with "Jew blood." His demeanor did not suggest that he was being complimentary or that he was being conciliatory. He did not take mediation serious then, he will take it seriously now.

Moreover, a serious question has arisen in this litigation surrounding plaintiff's chief pilot, Charles Kitchens. If the jury chooses to believe Mr. Kitchens, it will conclude that in August of 2000, plaintiff suffered its first windshield event with Mr. Cunningham on board. A Learjet crew came to Minnesota to fix it and Kitchens and Cunningham were Minnesota-bound for two or three days for the repair. While there, the repair crew told Kitchens about other windshield incidents and Kitchens believes he told Cunningham. This raises serious issues regarding statute of limitations questions for plaintiff who filed this case in 2007, originally thinking this was going to be a class action case with a multitude of windshield incidents, presumably many, many closer to 2007 than the Minnesota incident of 2000. Some of these statute of

limitations issues are currently under advisement with the defendant's motion for summary judgment. In addition, defendant argues plaintiff did not bother to disclose Kitchens in the Rule 26 disclosure, even though he not only took delivery of the plane and was there for the first windshield problem.

The parties have virtually buried the Court in motions in the waning days before the trial.

Nevertheless, it is clear, the conduct of the parties in this case is in clear violation of the Standards for Professional Conduct within the Seventh Circuit Federal Judicial Circuit (http://www.ca7.uscourts.gov/conduct.pdf). These standards have been adopted by this judge to put additional emphasis and call additional attention to them even though they apply to anyone practicing within the confines of the Seventh Circuit (http://www.ilsd.uscourts.gov/Judges/Herndon.aspx). The Court cannot formerly sanction the parties for this violation, but the conduct is worthy of note.

Regardless of what the Court decides regarding the sanction Judge Wilkerson recommends, this judge hereby exercises its inherent powers by ordering the parties to engage in mandatory mediation. Each party is hereby ordered to meet with mediator Daniel J. Stack, retired Circuit Court Judge, during the week of July 16, 2012, for the purpose of engaging in good faith settlement discussions. Each party will be represented by chief trial counsel and the corporate representative who has the authority to settle the case. Each party will share the cost of Judge Stack's hourly fee of $400.00. Judge Stack is given full authority to undertake any method and

technique he feels necessary to facilitate settlement.   Once mediation begins, it ends

only when Judge Stack says it ends.   Judge Stack will advise this Court if either

party violates this order in any way.  If both parties violate this order, they will each

be sanctioned $50,000.00.  If only one party violates this order, that party shall pay

all of Judge Stack's fees, as well as the attorney fees and expenses of the other party

for the mediation sessions, the travel expenses for the corporate representative, and

a sanction of $25,000.00 to the Court.  The Court will hold a hearing on the issue of

good faith if Judge Stack advises the Court that one or the other or both parties

violated the order and the Court will take testimony from Judge Stack on the issue

and he will be subject to cross-examination by counsel from both parties.

Judge Stack will email both parties to establish a suitable time for the first

meeting.

**IT IS SO ORDERED.**

**Signed this 12th day of July, 2012.**

David R.
Herndon
2012.07.12
21:58:22 -05'00'

**Chief Judge**
**United States District Court**