IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CUNNINGHAM CHARTER CORP.,**

**Plaintiff,**

**v.**

**LEARJET INC.,**

**Defendant.**                                                            **No.07-233-DRH**

<u>**AMENDED ORDER**</u>

**HERNDON, Chief Judge:**

      The prior order of the Court on this same subject, entered yesterday, July 12, 2012, is vacated. It has come to the Court's attention that Mr. Cunningham did not make the statement attributed to him in this case. Furthermore, the Court, after meeting with the parties in the Final Pretrial Conference, refrains from making a finding of a violation of the Seventh Circuit Rules of Civility and instead refers the parties to said rules.

      This matter is currently set for trial on July 30, 2012. This litigation is more like hand to hand combat than litigation between reasonable parties as is contemplated by the Civil Practice Act and even our fore fathers who crafted the third branch of government. If one were to peruse the docket activity report in this case one would understand both the reason for that conclusion and the source of this Court's frustration. As a former practicing lawyer, this judge is in favor of full employment of lawyers, but clearly this litigation is more like a divorce case where spouses decide to dissipate all of the marital assets by giving it all to the lawyers.

This Court would ordinarily not be one to judge such folly except that we now have a judicial ruling that defendant has completely ignored a judge's orders in this travesty of justice. See Report and Recommendation (R&R), Doc. 217.

This judge must now undertake a review of that R&R. As the Court takes the R&R under advisement, as well as the objection filed by defendant as to the sanctions but not the finding of a willful violation of the Court's order (Doc. 219), and awaits potential objections from plaintiff, one thing is clear, the Court must reign in this litigation and will do so by exercising its inherent powers to enter this order directing the parties to undertake mandatory mediation.

Neither side in this case has clean hands. The docket activity sheet makes that clear. The Court is not here to preside over a grudge match.

Moreover, a serious question has arisen in this litigation surrounding plaintiff's chief pilot, Charles Kitchens. If the jury chooses to believe Mr. Kitchens, it will conclude that in August of 2000, plaintiff suffered its first windshield event with Mr. Cunningham on board. A Learjet crew came to Minnesota to fix it and Kitchens and Cunningham were Minnesota-bound for two or three days for the repair. While there, the repair crew told Kitchens about other windshield incidents and Kitchens believes he told Cunningham. This raises serious issues regarding statute of limitations questions for plaintiff who filed this case in 2007, originally thinking this was going to be a class action case with a multitude of windshield incidents, presumably many, many closer to 2007 than the Minnesota incident of 2000. Some of these statute of limitations issues are currently under advisement with the defendant's motion for

summary judgment. In addition, defendant argues plaintiff did not bother to disclose Kitchens in the Rule 26 disclosure, even though he not only took delivery of the plane and was there for the first windshield problem.

The parties have virtually buried the Court in motions in the waning days before the trial.

Nevertheless, the Court directs the parties to the Standards for Professional Conduct within the Seventh Circuit Federal Judicial Circuit (http://www.ca7.uscourts.gov/conduct.pdf). These standards have been adopted by this judge to put additional emphasis and call additional attention to them even though they apply to anyone practicing within the confines of the Seventh Circuit (http://www.ilsd.uscourts.gov/Judges/Herndon.aspx).

Regardless of what the Court decides regarding the sanction Judge Wilkerson recommends, this judge hereby exercises its inherent powers by ordering the parties to engage in mandatory mediation. Each party is hereby ordered to meet with mediator Daniel J. Stack, retired Circuit Court Judge, during the week of July 16, 2012, for the purpose of engaging in good faith settlement discussions. Each party will be represented by chief trial counsel and the corporate representative who has the authority to settle the case. Each party will share the cost of Judge Stack's hourly fee of $400.00. Judge Stack is given full authority to undertake any method and technique he feels necessary to facilitate settlement. Once mediation begins, it ends only when Judge Stack says it ends. Judge Stack will advise this Court if either party violates this order in any way. If both parties violate this order, they will

each be sanctioned $50,000.00. If only one party violates this order, that party shall pay all of Judge Stack's fees, as well as the attorney fees and expenses of the other party for the mediation sessions, the travel expenses for the corporate representative, and a sanction of $25,000.00 to the Court. The Court will hold a hearing on the issue of good faith if Judge Stack advises the Court that one or the other or both parties violated the order and the Court will take testimony from Judge Stack on the issue and he will be subject to cross-examination by counsel from both parties.

Judge Stack will email both parties to establish a suitable time for the first meeting.

**IT IS SO ORDERED.**

Digitally signed by David R. Herndon
Date: 2012.07.13 11:13:08 -05'00'

**Signed this 13th day of July, 2012.**

**Chief Judge
United States District Court**